# EXHIBIT 1

IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT IN AND
FOR ST. LUCIE COUNTY, FLORIDA

CASE NO.: 562020CA001211AXXXHC

Judge Barbara Bronis

EDWARD BETTENCOURT

Plaintiff,

v.

SUMMONS

UNITED PARCEL SERVICE INC.
a foreign corporation,

Defendant.
_____/

9 26 20   1125

Eric Larson
CPS #063
2nd Judicial Circuit

THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition, in this action on:

**UNITED PARCEL SERVICE INC.**
**C/O REGISTERED AGENT: CORPORATION SERVICE COMPANY**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301-2525**

Each Defendant is required to serve written defenses to the complaint or petition on:

CATHLEEN SCOTT, ESQ.
Plaintiff's attorney, whose address is:
Scott Wagner & Associates, P.A.
Jupiter Gardens
250 South Central Boulevard, Suite 104-A
Jupiter, Florida 33458
Tele : (561) 653-0008
Fax : (561) 653-0020

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against the defendant for the relief demanded in the complaint or petition.

If you choose to file a written response yourself, at the same time you file your written response to the Court located at: **Saint Lucie County Courthouse,** Clerk of Courts, 201 South Indian River Drive, Fort Pierce, FL 34950, and you must also mail or take a carbon copy or photocopy of your written response to the Plaintiff's Attorney: **Cathleen Scott, Esq., 250 S. Central Blvd, Ste 104, Jupiter, Florida 33458 (561) 653-0008.**

WITNESS my hand and the Seal of said Court this <u>19th</u> day of <u>  August  </u>, 20 <u>20</u>

                                           JOSEPH E. SMITH
                                           As Clerk of said Court

                                         BY: _____
                                               As Deputy Clerk

## IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO.:

EDWARD BETTENCOURT

    Plaintiff,

v.

UNITED PARCEL SERVICE INC.
a foreign corporation,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, EDWARD BETTENCOURT, by and through his undersigned counsel hereby files this lawsuit against Defendant, UNITED PARCEL SERVICE, INC. and as grounds therefore alleges as follows:

## **JURISDICTION**

1. This is an action for damages greater than $30,000.00, exclusive of interest, costs and attorney's fees.

2. Plaintiff brings claims for age discrimination in violation of the Florida Civil Rights Act, § 760.10 et. seq. ["FCRA"].

3. Plaintiff is an individual subject to the protections the FCRA.

4. Defendant is an employer as that term is defined under the FCRA.

## **VENUE**

5. The Plaintiff is a resident of Martin County, Florida.

6. Pursuant to Fla. Stat. §§ 47.011 and 47.051, venue is appropriate in this court as the conduct alleged in this Complaint took place in St. Lucie County, Florida. This cause of action

occurred in St. Lucie County, Florida, and all times material hereto Plaintiff worked at Defendant's location at 3203 Oleander Ave., Ft. Pierce, FL 34982 which is in St. Lucie County, Florida.

7. Defendant UNITED PARCEL SERVICE, INC. (UPS) has locations throughout the state of Florida, with an office in St. Lucie County where it keeps an office for transaction of its customary business.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES & TIMELY FILING

8. Plaintiff has exhausted all administrative remedies prior to the filing of this action.

9. Plaintiff timely filed a charge of discrimination. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ["EEOC"] as well as with the Florida Commission on Human Relations ["FCHR"]. (Please see a true and correct copy of said Charge filed with the Florida Commission on Human Relations attached hereto as **Exhibit "1"**).

10. It has been more than one-hundred eighty (180) days since the filing of Plaintiff's Charge of Discrimination.

11. While Plaintiff received a right to sue notice from the EEOC, he did not receive a timely cause or no cause finding from the FCRA and his claim under the FCRA is therefore timely under Fla. Stat. § 760.11 in that his charge was filed within 365 days of the discriminatory actions. Namely, Plaintiff's charge was filed on December 29, 2019 following his termination on February 7, 2018.

12. The EEOC's Right to Sue notice does not operate as a no cause determination under the FCRA. (*Woodham v. Blue Cross & Blue Shield of Fla., Inc.*, 829 So. 2d 891 (Fla. 2002)).

13. This action was brought within the applicable 4-year statute of limitations prescribed under

Florida Law. (*See, Joshua v. City of Gainesville* 768 So. 2d 432 (Fla. 2000)).

**COMMON ALLEGATIONS**

14. Defendant is a package and delivery service company and has several locations in Florida.

15. Defendant services delivery items all across the world.

16. Defendant has created a standard operating procedure to discipline and terminate older employees.

17. Defendant's main goal is to prevent the payout of millions of dollars in accumulated pensions of these employees.

18. Defendant's practices disproportionally and adversely affect employees over 40.

19. Plaintiff, Edward Bettencourt, was an employee with the company for over 25 years with excellent work history.

20. Plaintiff is over the age of 40 and is a member of a protected class as defined by the FCRA.

21. On February 7, 2018, Plaintiff was terminated from the Defendant's employment for an alleged violation of a company policy, namely falsifying timecards.

22. From approximately October of 2017 until approximately December of 2017, in order to keep his part-time subordinates from going over Defendant's cap on daily hours, Plaintiff would move his subordinates' hours that went over the daily cap to a different day where the employee did not go over Defendant's daily cap on hours. At the end of the week, the employees were not going over the cumulative daily cap so Plaintiff did not understand it to be a violation. In fact, the part-time employees were paid on a salary basis, whether they worked the required 27.5 hours per week or not, further leading Plaintiff to believe his actions were not in violation of any policy. All of Plaintiff's subordinates were appropriately paid for all hours worked.

23. Defendant never warned Plaintiff or otherwise reprimanded Plaintiff for his conduct prior to his termination.

24. When Defendant approached Plaintiff regarding his conduct of moving his subordinates' daily hours, Plaintiff admitted his conduct not understanding it to be a policy violation.

25. Approximately one month after questioning Plaintiff about his conduct, Defendant asked Plaintiff to drive to Orlando to meet with corporate representatives regarding his conduct. Plaintiff assumed he was going to be reprimanded or disciplined for his conduct. However, once in Orlando at the meeting with corporate representatives, Plaintiff was told he was being terminated for falsifying timecards.

26. Employees under the age of 40 moved their subordinates' time from one day to the next just as Plaintiff had done, however were not terminated.

27. An employee under the age of 40 violated other company policies by:

    a. driving a company truck during the course and scope of his employment around lowered railroad crossing gates when a train was actively approaching the intersection, however, was not terminated; and

    b. engaging in violent physical altercations with coworkers, however, was not terminated.

    c. These violations are significantly more egregious that Plaintiff's violation, yet Plaintiff was terminated.

28. Plaintiff further contends he was terminated on the basis of his age and that the stated reason for termination was a pretext.

29. After the termination, Plaintiff requested that his termination undergo the Defendant's EDR mediation process as Plaintiff felt the termination was unjust as younger employees

had not been terminated for the same violation of this policy and other more serious policy violations.

30. Plaintiff successfully completed the Defendant's EDR mediation process. The panel unanimously voted to reinstate Plaintiff's employment.

31. Defendant usually accepts the decisions of its mediation panel, however it did not accept the unanimous decision of its panel to reinstate Plaintiff's employment but rather upheld Plaintiff's termination.

32. Defendant's failure to accept the outcome of EDR is evidence of discriminatory animus on the basis of age.

33. Other evidence of animosity towards age includes, but is not limited to:

   a. promoting less qualified employees under the age of 40;

   b. failing to promote more qualified employees over the age of 40;

   c. refusing to hire employees over the age of 35 to load trucks; and

   d. only hiring "college-aged" employees to load trucks

34. Plaintiff applied for and was awarded employment benefits as a result of his termination from the Defendant's employment.

35. Defendant engaged in discrimination in that Defendant treated similarly situated employees more favorably then Plaintiff under similar or more egregious situations. Several younger employees were not terminated for falsifying timecards, including:

- Leo Montero,
- Mike Rolfes,
- Rob Wittington,
- Phil Deluca, and

- Amber Brady

36. As a result of Defendant's decision to terminate the Plaintiff, Edward Bettencourt has suffered damages.

37. From 2018 to present, Defendant has subjected Edward Bettencourt to an ongoing pattern and practice of discrimination by the termination of a person based on his age in violation of the FCRA.

38. Defendant has intentionally discriminated against Edward Bettencourt who was terminated from his employment due to his age in violation of the FCRA.

### COUNT I – DISPARATE TREATMENT – AGE DISCRIMINATION
### FCRA

39. Plaintiff incorporates by reference all allegations of this Complaint as if set forth fully herein.

40. This is an action for damages as a result of discriminatory treatment and wrongful discharge brought pursuant to the Florida Civil Rights Act of 1992 (FCRA), Fla. Stat. §760.10.

41. By and through its agents, supervisors, and employees, Defendant engaged in and otherwise permitted a pattern and practice of unlawful age discrimination on the basis of his age.

42. By and through its agents, supervisors and employees, Defendant engaged in and otherwise permitted a pattern and practice of unlawful age discrimination by terminating Plaintiff and hiring a less qualified, significantly younger replacement for Plaintiff's position of Dispatch/Preload Supervisor.

43. As a result of the aforementioned conduct as alleged in this Count, Defendant violated the FCRA.

Complaint
Page 6 of 9

44. As a result of the aforementioned conduct and treatment of Plaintiff, he has sustained a loss of earnings and other damages.

45. As a result of the aforementioned actions of Defendant, Plaintiff has suffered severe emotional distress.

46. Defendant has failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the work place and to prevent it from occurring.

47. As a direct and proximate result of Defendant's, willful, knowing and intentional discrimination, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe emotional distress and mental anguish; Plaintiff has suffered and will continue to suffer a loss of earnings and other employment related benefits and job opportunities. As a result, Plaintiff is thereby entitled to general and compensatory damages as well as punitive damages in an amount to be proven at trial.

48. As a further direct and proximate result of the Defendant's violations as herein described, Plaintiff has been compelled to retain the services of the undersigned law firm. Plaintiff has incurred and will continue to incur reasonable attorney's fees and costs. Plaintiff requests that his attorney's fees be awarded pursuant to Fla. Stat. §760.11(6).

WHEREFORE, Plaintiff prays that judgment be entered in his favor against the Defendant as follows: That Plaintiff be awarded general and compensatory damages and reinstatement, front pay and back pay, and prejudgment interest and punitive damages; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to Fla. Stat. §760.11(6); that Plaintiff be awarded such other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Edward Bettencourt respectfully requests that this Court:

a. Grant a permanent injunction enjoining Defendant, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of age;

b. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age or older, and which eradicate the effects of their past and present unlawful discrimination practices;

c. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum of liquidated damages, and prejudgment interest to Edward Bettencourt as a result of the acts complained of above;

d. Order Defendant to make the Plaintiff, Edward Bettencourt, whole as he was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of their unlawful employment practices including but not limited to instatement, reinstatement, provide front pay in lieu of reinstatement, or otherwise make whole as a result of Edward Bettencourt being terminated because of his age;

e. Order Defendant to provide training for supervisors and managers at all corporate levels, specific to the ADEA;

f. Grant such further relief as the Court deems necessary and proper in the public interest; and

g. Award Plaintiff's attorneys its fees and costs in this action.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all matters so triable.

Dated this 19th of August 2020.

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens

250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone:   (561) 653-0008
Facsimile:    (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com

EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>510-2019-00589 |
|---|---|---|

Florida Commission On Human Relations and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Mr. Edward T. Bettencourt | Home Phone (Incl. Area Code)<br>(772) 233-1610 | Date of Birth<br>1968 |
|---|---|---|
| Street Address<br>[redacted] | City, State and ZIP Code<br>Stuart, FL 34997 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>UNITED PARCEL SERVICE | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(407) 856-2141 |
|---|---|---|
| Street Address<br>3203 Oleander Ave, Fort Pierce, FL 34982 | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02-07-2018    Latest: 02-07-2018
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I am 50 years old. I began working for the above-named Respondent in January 1994. The last position that I held with the Respondent was the Dispatch Supervisor. On February 7, 2018, I was terminated from my employment because I had moved time against the time cards. On the other hand, other members of management were not terminated for committing the similar infraction.

II. On February 2, 2018, Ms. Ellina Moore, 40s/Human Resources Manager, told me that I was being terminated for dishonesty in reporting. In July 2018, I went to Employee Dispute Resolution (EDR) with the Respondent before a jury of my peers. I won my case, yet Respondent rejected their recommendation.

III. I believe I was discriminated against due to my age, 50, in violation of the Age Discrimination in Employment of 1967, as amended.

Received JAN 02 2019 EEOC Miami District Office

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br>Dec 19, 2018<br>Date    Charging Party Signature | the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |